Case 1:05-cv-10092-PBS   Document 1   Filed 01/13/2005   Page 1 of 11

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

    Plaintiff

v.

JOSEPH P. ZOPPO,
Trustee of the I/O Desktop Specialists, Inc.
Retirement Plan

    Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

05 CV 10092 PBS

CIVIL ACTION
FILE NO.

RECEIPT #_____
AMOUNT $        N/A
SUMMONS ISSUED    1
LOCAL RULE 4.1      —
WAIVER FORM        —
MCF ISSUED          —
BY DPTY. CLK.     M.P.
DATE              1/14/05

MAGISTRATE JUDGE  RBC

## COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq., and is brought to redress violations, to obtain restitution from employee benefit plan fiduciaries and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA.

(2) The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

(4) Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, ("Secretary") is charged with the responsibility of protecting the interests of participants in, and beneficiaries of, employee benefit plans, pursuant to ERISA.

(5) I/O – Desktop Specialists, Inc. (hereinafter, "I/O" or "Company") was a New Hampshire corporation which was in the business of desktop publishing. The Company closed down on or about May, 2001, and was the subject of an involuntary bankruptcy petition filed in United States Bankruptcy Court, District of New Hampshire. The bankruptcy proceeding, In re: Input Output Systems, Inc., Case No. 02-11789-MWV, was dismissed on June 25, 2003 and closed on October 6, 2003. No assets were available for distribution.

(6) The I/O Desktop Specialists, Inc. Retirement aka I/O Retirement Plan (hereinafter, the "Plan") is a defined contribution pension plan with a 401(k) feature established on January 1, 1997 by I/O. The Plan is an employee pension benefit plan pursuant to ERISA §3(2)(A), 29 U.S.C. §1002(2)(A).

(7) The Company is the Plan Sponsor and has served as the Plan Administrator of the Plan continuously from the Plan's inception to the present.

(8) Defendant Joseph P. Zoppo was the CEO of the Company and was the Trustee of the Plan from its inception to the present. Defendant Joseph P. Zoppo was and is a resident of Massachusetts, residing at 537 Everett Street, Westwood, MA 02090.

(9) In his capacity as a Trustee, Defendant Zoppo exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting management or disposition of the assets of the Plan, and exercised discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, he functioned as a fiduciary as defined by ERISA §3(21)(i) and (iii), 29 U.S.C. §1002(21)(i) and (iii) and is a party in interest to the Plan pursuant to ERISA §3(14)(A) and (H), 29 U.S.C.

§1002(14)(A) and (H) during the pertinent period of this Complaint, which includes the Plan years from the year 2000 until the present.

(10)     Defendant Zoppo is the Debtor in In re: Joseph P. Zoppo, Chapter 7, Case File No. 02-14836, United States Bankruptcy Court, District of Massachusetts. On September 16, 2003, a Judgment was entered in Defendant's Bankruptcy proceedings determining that the amount of $9,726 plus interest in the amount of $690 was nondischargeable debt pursuant to 11 U.S.C. §523(a)(4). (See attached Judgment.) The Plaintiff is exempt from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

## ALLEGED VIOLATIONS

(11)     The allegations incorporate paragraphs (1) - (10).

(12)     Defendant Zoppo failed to discharge his fiduciary duties with respect to the Plan solely in the interests of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances prevailing that a prudent man, acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and failed to act in accordance with plan documents, in violation of ERISA §§404(a)(1)(A),(B), and (D), 29 U.S.C. §§1104(a)(1)(A),(B), and (D) by, among other things, during the pertinent period, (1) failing to transmit money withheld from employee paychecks to the Plan and (2) diverting such money withheld from employee paychecks for uses unrelated to the Plan, including for the daily operations of the Company, which funds were assets of the Plan pursuant to Department of Labor Regulation at 29 CFR 2510.3-102.

(13)     By the actions set forth in paragraph (12), the Defendant caused the Plan to engage in transactions that he knew or should have known constituted direct or indirect transfers to or uses by or for the benefit of, a party in interest, of assets of the Plan in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

(14) By the actions set forth in paragraph (12), the Defendant dealt with Plan assets in his own interest or for his own account in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

(15) By the actions set forth in paragraph (12), the Defendant acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants or beneficiaries in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

(16) The allegations set forth in paragraph (12) have caused losses to the Plan in the amount of $9,726 plus interest in the amount of $690, which amount was judged to be non-dischargeable debt in Defendant's Bankruptcy proceedings.

(17) In addition, Defendant Zoppo, who signed documents as Plan Administrator, failed to provide participants with Summary Annual Reports and failed to file forms 5500 for the years 2000 to the present in violation of the reporting requirements of ERISA §101(a)(2), §103(a)(1)(A), and §104(b)(1), 29 U.S.C. §1021(a)(2), §1023(a)(1)(A), and §1024(b)(1).

## Relief Sought

WHEREFORE, the Secretary prays that this Court enter an Order:

1. Permanently enjoining the Defendant from violating the provisions of Title I of ERISA.

2. Permanently barring the Defendant from serving as a fiduciary to any ERISA-covered plan.

3. Requiring the Defendant to restore all monies due to the Plan as a result of his fiduciary breaches, as well as lost earnings resulting from said breaches, including offsetting any money that he may have in the Plan.

4. Requiring Defendant to undo all prohibited transactions in which he engaged or for which he is liable.

5. Appointing an Independent Fiduciary to terminate the Plan, file the required documents and distribute the assets.

6. Awarding Plaintiff the costs of this action and such further relief as is just and appropriate.

                                Respectfully submitted,

                                Howard M. Radzely
                                Solicitor of Labor

Post Office Address:

| | |
|---|---|
| U.S. Department of Labor<br>Office of Solicitor<br>JFK Federal Building<br>Suite E-375<br>Boston, MA 02203<br>(617) 565-2500 | Frank V. McDermott, Jr.<br>Regional Solicitor of Labor<br><br>*/s/ Marjorie A. Butler*<br>Marjorie A. Butler<br>Attorney (BBO#548797)<br>U.S. Department of Labor<br>Attorneys for the Plaintiff |

ATTACHMENT

DISTRICT OF MASSACHUSETTS

UNITED STATES BANKRUPTCY COURT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE:

JOSEPH P. ZOPPO,
      Debtor

ELAINE L. CHAO, Secretary of Labor,
 United States Department of Labor
      Plaintiff

v.

JOSEPH P. ZOPPO,
      Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHAPTER 7
Case No. 02-14836(JNF)

ADV. PROC. NO.
03-1035

## CONSENT JUDGMENT AND ORDER

1.    Defendant Joseph P. Zoppo and Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, have agreed to resolve all matters in controversy in this action (except any matters which may arise pursuant to ERISA §502(l)) and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

2.    On June 6, 2002, Defendant Zoppo filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in United States Bankruptcy Court in the District of Massachusetts (Eastern Division). As of the time of the execution of this Consent Judgment and Order, Defendant Zoppo is the Debtor in the bankruptcy proceeding captioned above.

1

3. On January 30, 2003, Plaintiff filed a <u>Complaint to Have Debt Determined to be Non-Dischargeable</u>, Adv. Proceeding No. 03-1035.

4. Plaintiff has served the Complaint and Summons upon Defendant pursuant to Federal Rule of Civil Procedure 4 and the Defendant has answered the Complaint.

5. The Court has jurisdiction over this proceeding under 28 U.S.C. §§157(a), (b)(2)(i) and 1334, and 11 U.S.C. §523(a)(4). Defendant admits to the jurisdiction of this Court over him and the subject matter of this action.

6. At all times relevant to this action, Defendant Zoppo was the Chief Executive Officer of I/O Desktop Specialists, Inc., (hereinafter, the "Company") and one of the Trustees of the I/O Desktop Specialists, Inc. Retirement Plan aka I/O Retirement Plan (hereinafter, the "Plan"), an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3) sponsored by the Company.

7. As Plan Trustee, Defendant Zoppo was a fiduciary pursuant to ERISA §3(21)(A)(i) and (iii), 29 U.S.C. §1002(21)(A)(i) and (iii).

8. During the Plan years 2000 and 2001, the amount of $9,726 was withheld from employee paychecks for the purpose of employee contributions to the Plan, but was not transmitted to the Plan. In particular, the amount of $2,806 was withheld from the paychecks of Company employee and Plan participant Robert Zoppo and the amount of $6,920 was withheld from the paychecks of Company employee and Plan participant Matt Lopiano.

9. Such funds as set forth in paragraph (8) became assets of the Plan by operation of Department of Labor Regulation, 29 C.F.R. §2510.3-102(b)(1) when segregable, or, in any case, no later than the 15th business day of the month following the

2

month in which the participant contribution amounts were received by the employer or the 15th business day of the month following the month in which such amounts would otherwise have been payable to the participants in cash.

10. The monies withheld from employees' paychecks for the purpose of employee contributions, which were assets of the Plan, were diverted for the operations of the Company or for other purposes not related to the Plan.

11. Defendant Zoppo's failure to transmit such monies withheld from employee paychecks (or to cause such monies to be transmitted to the Plan) constituted a violation of ERISA §§404(a)(1)(A), (B), and (D), the Defendant is liable for the amount of said contributions in the amount of $9,726 plus interest in the amount of $690, and the debt is nondischargeable pursuant to 11 U.S.C. §523(a)(4).

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, Defendant and Plaintiff, having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court and with due consideration and being fully advised of the premises, and

WHEREAS, Defendant Zoppo has agreed to pay the Plan $2,000 within thirty days of the entry of this Judgment, accompanied by an Affidavit signed under penalty of perjury attesting that such funds are not assets of the Bankruptcy Estate, and

WHEREAS, Defendant Zoppo has agreed to the appointment of an Independent Fiduciary, subject to the approval of the Department of Labor, to terminate the Plan in conformance with applicable government regulations and to distribute all assets, and

WHEREAS, Defendant Zoppo, for himself and those claiming by or through him, has agreed to waive any and all claims against, or right to participate in the Plan now or at any time in the future and has submitted to the Plan a Spousal Waiver signed by his wife waiving her rights to any assets of the Plan through her husband,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The amount of $9,726 plus interest in the amount of $690, which is owed to the Plan by the Debtor, is determined to be nondischargeable debt pursuant to 11 U.S.C. 523(a)(4).

2. Each party shall bear its own fees, costs, and expenses in connection with this action and Defendant waives any rights pursuant to the Equal Access to Justice Act.

3. The Court shall maintain jurisdiction over this matter only for the purposes of enforcing this Consent Judgment and Order.

4. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

IT IS SO ORDERED THIS _16th_ DAY OF _September_, 2003.

_____
United States Bankruptcy Judge Joan N. Feeney

Defendant Joseph P. Zoppo
hereby moves for entry of
this Judgment:

_Joseph P. Zoppo_

Plaintiff moves for the entry
of this Judgment:

Howard Radzely
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_Marjorie A. Butler_
Marjorie A. Butler
Attorney

4

U.S. Department of Labor
Attorneys for the Plaintiff

Mailing Address:
Office of the Regional Solicitor
United States Department of Labor
JFK Federal Building, Rm.E-375
Government Center
Boston, MA 02202

Phone. (617) 565-2500
Facsimile: (617) 565-2142

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

## DEFENDANTS
JOSEPH P. ZOPPO, Trustee of the I/O Desktop Specialists, Inc. Retirement Plan

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marjorie A. Butler, Esquire    517-565-2500
U.S. Department of Labor, Office of Solicitor
JFK Federal Bldg., Room E-375, Boston, MA 02203

ATTORNEYS (IF KNOWN)

05-10092 PBS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

X 1 U.S. Government Plaintiff
2 U.S. Government Defendant
3 Federal Question (U.S. Government Not a Party)
4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 |  | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 |  | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country |  |  | Foreign Nation |  |  |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STAT'DIES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander / 365 Personal Injury - Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other |  | 850 Securities/Commodities/ Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability |  | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment / HABEAS CORPUS: | 790 Other Labor Litigation | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing Accommodations / 530 General | X 791 Empl Ret Inc. Security Act | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty |  | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights / 540 Mandamus & Other |  | 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All other Real Property | / 550 Civil Rights / 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from another district (specify)
6 Multidistrict Litigation
7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq., and is brought to redress violations, to obtain restitution from employee benefit plan fiduciaries and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23
DEMAND $ _____
CHECK YES only if demanded in Complaint
JURY DEMAND: YES  X NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 1/13/2005
SIGNATURE OF ATTORNEY OF RECORD
Mary A. Butler

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____
   ELAINE L. CHAO, v. JOSEPH P. ZOPPO

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05-10092 PBS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒      Central Division ☐      Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Marjorie A. Butler, Esquire
ADDRESS  U.S. Department of Labor, Solicitor's Office, JFK Federal Bldg, Rm. E-375, Boston, MA  02203
TELEPHONE NO.  617-565-2500

(Coversheetlocal.wpd - 10/17/02)