UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

      Plaintiff

v.

                                      CIVIL ACTION
                                      FILE NO. 05-10092 (PBS)

JOSEPH P. ZOPPO,
Trustee of the I/O Desktop Specialists, Inc.
Retirement Plan

      Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER APPOINTING AN INDEPENDENT FIDUCIARY

1.     CORBCO, Inc. ("CORBCO") is hereby appointed as the Independent Fiduciary for the The I/O Desktop Specialists, Inc. Retirement aka I/O Retirement Plan (hereinafter, the "Plan"). The Independent Fiduciary shall have the following powers, duties and responsibilities:

     a.     The Independent Fiduciary shall have responsibility and authority for terminating the Plan. Such termination shall be made in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.*, ("ERISA") and the Internal Revenue Code ("Code").

     b.     The Independent Fiduciary's responsibilities and authority with respect to the termination of the Plan shall include, but not be limited to: (i) liquidating the Plan's assets; (ii) communicating with participants regarding the termination of the

Plan and their disbursal options; (iii) calculating the participants' and beneficiaries' account balances and determining all questions of eligibility for and amount of Plan benefits; (iv) working with the Plan custodian to make benefit disbursements and withholding and remitting the appropriate taxes thereon; (v) complying with the appropriate records retention requirements of ERISA; (vi) adopting such rules and procedures as are helpful or necessary to carrying out its duties; and (vii) filing appropriate termination papers with the Internal Revenue Service and the Department of Labor.

    d.  The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of the Plan and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled; provided, however, that the Independent Fiduciary may rely upon the procedures for locating lost participants that are described in Field Assistance Bulletin 2004-02 of the Employee Benefits Security Administration, entitled "Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans".

    e.  The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets. The Independent Fiduciary may rely on any document, certificate, statement or other written representation made in the Plan records or by Manulife, that the Independent Fiduciary in good faith believes to be genuine, and on any

certificate, statement, report or other representation made to it by any agent, attorney, accountant or other expert retained by the Independent Fiduciary in connection with the liquidation and termination of the Plan.

      f.      The Independent Fiduciary shall receive compensation for the performance of the above-enumerated duties as agreed to by the Department of Labor and CORBCO.

      g.      The Independent Fiduciary shall not be responsible for the following activities:

      (i).      examining the entire history of the Plan's operations for instances of noncompliance with applicable law;

      (ii).      identifying or collecting overpayments that may have been made by the Plan prior to CORBCO's acceptance of office;

      (iii).      attempting to locate and collect amounts from the prior fiduciaries of the Plan;

      (iv).      involving the Plan in the bankruptcy or other judicial or administrative proceedings applicable to the Plan Sponsor or any of its affiliates.

      h.      With respect to omissions or errors that occurred, or are logically attributable to events that occurred, prior to the effective date of this Order, the Independent Fiduciary shall not be liable for (i) any fines or penalties imposed by a governmental entity or agency of competent jurisdiction, (ii) restoration of missed profits, (iii) losses incurred, or (iv) judgments.

      2.      The Independent Fiduciary's appointment shall become effective on the date that the herein Order is entered. The Independent Fiduciary's appointment shall terminate upon the first to occur of: (i) the removal of the Independent Fiduciary from that office by the Court; (ii) the resignation of the Independent Fiduciary from that office

provided that the Independent Fiduciary finds an acceptable replacement Independent Fiduciary and, with notice to all parties to this matter, moves this Court to have the replacement Independent Fiduciary appointed; or (iii) the liquidation and distribution of Plan assets and the completion of all related tasks.

3. Each party agrees to bear his or her own attorneys' fees, costs and other expenses incurred by such party in connection with this Motion.

4. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

DATED April 12, 2005

_____
U.S. DISTRICT JUDGE SARIS