UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

      Plaintiff

v.

JOSEPH P. ZOPPO,
Trustee of the I/O Desktop Specialists, Inc.
Retirement Plan

      Defendant

CIVIL ACTION
FILE NO. 05-10092 (PBS)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR CLARIFICATION OF CASE STATUS

Now comes Plaintiff, Elaine L. Chao, Secretary of Labor (hereinafter, "Secretary"), to move the Court to clarify the status of the herein case and to reopen the case, which was Administratively Closed on or about April 12, 2005 per Judge Saris' instruction. For the reasons set forth below, the Secretary believes that the case was closed in error and seeks that it be reopened and that the Defendant be required to file his Answer.

1.    This is a case alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA") by the Defendant, who was a fiduciary to an ERISA-covered pension plan, the I/O Desktop Specialists, Inc. Retirement Plan (hereinafter, the "Plan").

2.    The Secretary alleges that the Defendant failed to transmit money withheld from employee paychecks to the Plan in violation of ERISA §§404 and 406, 29

U.S.C. §§1104 and 1106. The Secretary alleges that such money was used for purposes other than for the exclusive benefit of the Plan and its participants.

3.  Since the Plan Sponsor closed on or about May, 2001, the custodian of the Plan has frozen the remaining accounts.

4.  On or about April 12, 2005, the Court entered an Order to Appoint an Independent Fiduciary to Terminate the I/O Desktop Specialists, Inc. Retirement Plan and distribute its remaining assets to the participants and beneficiaries.

5.  Defendant Zoppo is the Debtor in In re Zoppo, Chapter 7, Case No. 02-14836, United States Bankruptcy Court, District of Massachusetts. On September 16, 2003, a Judgment was entered in Defendant's Bankruptcy Court proceedings determining that the amount of $9,726 plus interest in the amount of $690 was nondischargeable debt pursuant to 11 U.S.C. §523(a)(4). This amount represents the amount of funds withheld from employee paychecks, which was not transmitted to the Plan. The Plaintiff is exempt from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

6.  Although the appointment of the Independent Fiduciary is an important step in rectifying the problems with this "orphan" Plan and will allow participants to have access to their funds, it does not entirely resolve the fiduciary breaches alleged by the Secretary. In particular, the Secretary seeks payment to the Plan of monies withheld from employee paychecks, but not transmitted to the Plan by the Defendant in the amount that was determined to be nondischargeable. To date, the Defendant has not filed his Answer in reference to the Secretary's allegations.

7.  If the Secretary prevails in her action, any and all funds belonging to the Plan will be transmitted to the Plan and distributed by the Independent Fiduciary.

Therefore, the Secretary believes that the case was Administratively Closed in error and respectfully requests that the Court re-open the herein case.

Respectfully Submitted,

BY THE SECRETARY OF LABOR:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ Marjorie A. Butler*
Marjorie A. Butler
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
Tel: (617)565-2500
Fax: (617)565-2142